[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12135
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60997-CV-MGC


DR. SYROUS KERMANJ,

                                                  Plaintiff-Appellant,

versus

JEFFREY GOLDSTEIN,
PETER JENSEN,
CHARLES SOELLNER,
GERALD DONNELLEY,
ARUTHER ROSENBURG, et al.,

                                               Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Dr. Syrous Kermanj, proceeding pro se, appeals the district court's dismissal, without prejudice, of his complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6). The court concluded that Plaintiff failed to comply with Fed.R.Civ.P. 8. No reversible error has been shown; we affirm.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Harris v. United Auto. Ins. Group, Inc., 579 F.3d 1227, 1230 (11th Cir. 2009).[1] In addition, we construe liberally pro se pleadings. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Rule (8) requires that a pleading contain a "short and plain statement of the

---

[1]Defendants filed a motion to strike Plaintiff's complaint in its entirety under Fed.R.Civ.P. 12(f) because Plaintiff's factual assertions were so intertwined with scandalous material as to be indivisible, or, in the alternative, for a more definite statement under Fed.R.Civ.P. 12(e) because the complaint was so lengthy and disjointed that Defendants could not meaningfully respond to the allegations. The district court treated the motion as a Rule 12(b)(6) motion to dismiss. Defendants' motion required the district court to engage in the same substantive analysis as a Rule 12(b)(6) motion: to determine whether the complaint stated a claim for relief. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (concluding that a district court's conversion of a Rule 12(b)(6) motion to dismiss into a Rule 12(c) motion for judgment on the pleadings was harmless error because the substantive analysis was the same).

claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). Rule 8 does not require a plaintiff to provide detailed factual allegations; but a complaint will not suffice if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). While a court should not penalize a pro se plaintiff for "linguistic imprecision," "wildly implausible allegations in the complaint should not be taken as true." Miller, 541 F.3d at 1100.

Here, Plaintiff filed a complaint against members of the Hampton Beach Club Condominium Association and against the Association's lawyer.[2] In part, Plaintiff complained that the Association required him, over his objection, to install aluminum shutters on his unit to protect against hurricane damage. Plaintiff also claimed that Association members entered his residence without his permission to install the "illegal" shutters. On appeal, Plaintiff argues that the district court ignored the clearly stated violations he pleaded against Defendants and did not accept his allegations as true. We disagree.

Despite the liberal pleading standards and the leniency granted to pro se litigants, Plaintiff's 35-page, single-spaced complaint failed to provide sufficient,

---

[2]Plaintiff owned a unit at the condominium complex.

3

coherent factual allegations to survive a motion to dismiss. Plaintiff failed to divide his complaint into numbered paragraphs with discrete sets of facts and into specific counts, or otherwise delineate clearly the causes of action that he intended to pursue against each defendant. Plaintiff filed his complaint on the basis of diversity jurisdiction for an alleged contract dispute. And some of the claims that Plaintiff attempted to raise -- like trespass, fraud, and misrepresentation -- were apparent from the face of the complaint. But Plaintiff referenced many legal claims that were unrelated to civil, state actions, including criminal extortion, constitutional violations, and violations of the Geneva Convention. So, it was difficult to determine all of the claims Plaintiff sought to raise against which defendants and which claims were plausible on their face. In addition, interspersed with Plaintiff's fact allegations and legal citations were negative characterizations and inflammatory statements about Defendants. These irrelevant statements made it impossible to separate out the factual allegations supporting his claims and amounted to impermissible "labels and conclusions." See Iqbal, 129 S.Ct. at 1949.

In sum, Plaintiff's complaint was neither short nor plain; and the allegations were not simple, concise, and direct; thus, the district court committed no error in

dismissing the complaint for failure to comply with Rule 8.[3]

AFFIRMED.

---

[3]Plaintiff argues that the district court erred in not considering his "amended" complaint filed in August 2008. But Plaintiff's August 2008 filing was simply a response to Defendants' motion to strike his complaint and not a superseding amended complaint.